IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

UNITED STATES OF AMERICA

    v.

Case No. 1:25-cr-40-LMB

JAMIE MORTON,

    *Defendant.*

## STATEMENT OF FACTS

The United States and the Defendant, JAMIE MORTON, stipulate that the allegations in the one-count Criminal Information are true and correct. The United States and Morton further stipulate that had the matter gone to trial, the United States would have proven the allegations in the Criminal Information and the following facts beyond a reasonable doubt through admissible and credible evidence.

### *Introduction*

1.    Until 2024, Morton was employed by the Architect of the Capitol, a federal agency responsible for the operation of the United States Capitol complex. Simultaneously, Morton owned a company called Luxe Bodi LLC which provides personal care services.

2.    Bank-1 provided a range of traditional banking services throughout the United States, including in the Eastern District of Virginia, and is a financial institution for purposes of Title 18, United States Code, Sections 20 and 1344.

3.    The Small Business Administration ("SBA") was an agency within the United States Government that provided financial assistance to small businesses, including administering and financing the Paycheck Protection Program ("PPP"). The SBA's computer

servers receive information about PPP loan applications and are located within the Eastern District of Virginia.

4.      The Paycheck Protection Program ("PPP") is an SBA program that provided low-interest financing to small businesses to pay up to 8 weeks of payroll costs including benefits. Businesses that qualified for funds could also use that money to pay interest on mortgages, rent, and utilities. The money to fund this program came from the United States Treasury.

5.      The SBA was authorized to provide PPP loans of up to $10 million to eligible small businesses experiencing substantial financial disruption due to the COVID-19 pandemic. The amount of the loan was determined by the number of employees the applicant certified having.

6.      To obtain a PPP loan, a qualifying business was required to submit an application to an eligible private lender, such as a federally insured bank, a federally insured credit union, Farm Credit System institution, or a Small Business Administration-approved lender, and provide documentation about its operations to support the amount of the loan applied for, such as payroll reports, payroll tax filings, Form 1099-MISC, or a sole proprietor's income and expenses. An applicant for a PPP loan was also required to certify that all of the information in the application was true and correct to the best of the applicant's knowledge.

7.      After a PPP application was submitted and approved to the private lender, the SBA would reimburse the lender. The amount of the loan, if the application was approved, was based on an applicant's stated number of employees, salary, expenses, and revenue. If the company that received the PPP loan could not pay it back, it could seek to have that loan forgiven.

### *The Scheme*

8.      From on or about June 2020 to on or about May 2021, the defendant JAMIE MORTON knowingly and willfully defrauded Bank-1 and obtained the moneys, funds, credits, assets, and securities under the custody and control of Bank-1 by means of materially false and fraudulent pretenses, representations, and promises.

9.      Specifically, Morton sent PPP applications in the name of Luxe Bodi to Bank-1. In those applications, Morton agreed to use the PPP loans only for authorized expenses such as retaining workers and maintaining payroll.

10.     Despite this certification, Morton used the PPP loans for unauthorized personal expenses, including purchases of luxury goods. For instance, Luxe Bodi received a PPP loan on July 2, 2020. Morton used some of that money to make purchases at Yves Saint Laurent and Gucci on July 6, 2020.

11.     If Morton had told Bank-1 that she intended to use the loan proceeds for unlawful purposes, Bank-1 would not have approved the loan. As such, Morton's false statements about how the PPP loan would be used were material to Bank-1's lending decisions. The parties agree that, for purposes of the Guidelines, the loss amount is between $150,000 and $250,000.

12.     This statement of facts includes those facts necessary to support the plea agreement between Defendant and the United States. It does not include each and every fact known to Defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding Defendant's case.

13.     The actions of Defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Erik S. Siebert
United States Attorney

Date: _April 8, 2025_     By: _____

Christopher J. Hood
Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between defendant, Jamie Morton, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
Jamie Morton

I am Defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Patrick N. Anderson
Jessica A. Richardson
Attorney for Jamie Morton