IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 1:25-cr-40-LMB |
| JAMIE LATOYA MORTON, | **Sentencing**: July 8, 2025 |
| *Defendant*. | |

**POSITION OF THE UNITED STATES
WITH RESPECT TO SENTENCING**

Since 2014, Jamie Morton has worked for the federal government in various capacities. PSR ¶¶ 16, 75-80. This includes a job as a contracting officer for the Architect of the Capitol, a federal agency responsible for the operation of the Unites States Capitol complex. PSR ¶¶ 16. Simultaneously, Morton operated at least two other businesses: Luxe Bodi and Mortell Industries. PSR ¶¶ 78-79. At all relevant times, Luxe Bodi had no salaried employees but paid some contractors. PSR ¶ 79.

In 2020, as a response to the COVID-19 pandemic, Congress authorized the Small Business Administration to offer loans to companies affected by the public health emergency. PSR ¶ 18. Many of these loans came via the Paycheck Protection Program (the "PPP"). PSR ¶ 19. Through the PPP, lenders could provide forgivable, government-backed loans to certain small businesses. *Id*. To qualify, an applicant had to certify, among other things, that they would use the money only for authorized expenses such as payroll and rent. PSR ¶ 21.

Morton obtained four PPP loans totaling $238,120 on behalf of Luxe Bodi and Mortell Industries. PSR ¶ 29. Morton did not use these PPP loans to pay her employees as required by the program. PSR ¶ 6. Rather, Morton used these loans to fund luxury purchases at stores like

Yves Saint Laurent and Gucci. PSR ¶ 25. The bank who processed the PPP loans would not have approved them had Morton disclosed how she intended to use the money. PSR ¶ 26.

On April 8, 2025, Morton accepted responsibility and pled guilty to a Criminal Information charging her with one count of bank fraud, in violation of 18 U.S.C. § 1344. PSR ¶ 1. The Court accepted Morton's plea and set sentencing for July 8, 2025. PSR ¶ 2.

## LEGAL STANDARD

The standards governing this Court's sentencing are well established. This Court must consult the Guidelines as well as the factors set forth in 18 U.S.C. § 3553(a) when making a sentencing decision, though the Guidelines are purely advisory. *See United States v. Booker*, 543 U.S. 220 (2005). The Supreme Court has directed district courts to "begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007). "Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). Section 3553(a) sets out a variety of factors that the Court should consider in determining the defendant's sentence, including the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," among others. 18 U.S.C. § 3553(a)(1)-(2)(A) & (B).

## APPLICATION

### A.     Sentencing Guidelines Calculation

The PSR found, and the United States agrees, that Morton's Guidelines range is as follows:

| | |
|---|---:|
| <u>Base Offense Level</u> | 7 |
| <u>Adjustments</u> | |
| Loss amount between $250,000 and $550,000 | +12 |
| Acceptance of responsibility | -3 |
| **<u>Total Offense Level</u>** | **<u>16</u>** |

Morton's criminal history is Category I, and she has one criminal history point. PSR ¶¶ 49-50; U.S.S.G. §§ 4A1.1, 4A1.2. This criminal history category, coupled with Morton's adjusted offense level of 16, yields an advisory Guidelines range of 21 to 27 months. PSR ¶ 89.

  **B.  Statutory Analysis of the Section 3553(a) Factors**

  Based on the circumstances of this case and a careful review of the § 3553 factors, the United States recommends that the Court: (1) sentence Morton to no more than the low end of the anticipated Guidelines range; (2) impose a five-year term of supervised release; (3) order restitution in the amount of $238,120; and (4) enter the consent order of forfeiture.[1] This sentence would be sufficient but not greater than necessary to accomplish Section 3553(a)'s sentencing objectives.

    1. *The recommended sentence is necessary based on the nature, circumstances, and seriousness of the offense.*

  Morton engaged in serious conduct which warrants a meaningful sanction. Morton

---

[1] Though the United States agrees that Probation calculated the Guidelines correctly, the United States recommends a sentence based on an offense level of 12 which would yield a Guidelines range of 10 to 16 months. The United States makes this recommendation in line with the agreement struck by the parties in the Plea Agreement. Specifically, the parties agreed to recommend a sentence that applied the actual loss. *See* PSR ¶¶ 3, 26, 29. This would reduce the offense level by two levels. Furthermore, during plea negotiations, the parties expected Morton to qualify as a zero-point offender which would reduce her offense level by another two levels. *See* PSR ¶ 4. Even though Morton does not qualify for this reduction, the Court can consider whether the Guidelines overrepresent the seriousness of Morton's criminal history. *See* U.S.S.G. § 4A1.3(b).

In sum, the United States believes a sentence no greater than 10 months—the low end of the anticipated Guidelines range—is appropriate here given the specific circumstances of this case.

knowingly participated in a scheme to defraud banks through the PPP. Morton knew that she had to use the PPP funds for authorized purposes. Despite this knowledge, Morton willingly misspent this money. Importantly, records suggest Morton used little if any of the PPP money to pay employees.

Through her actions, Morton stole money from banks and ultimately, the federal government. By taking money she was not entitled to, Morton prevented other, qualified applicants from accessing PPP funds. Morton turned what Congress intended to be an economic lifeline into a windfall, which she spent frivolously. These actions underscore the seriousness of this offense.

2. *The recommended sentence is necessary based on defendant's personal history.*

Morton's personal history also supports the recommended sentence. Morton comes from what she describes as a "stable" background where all her needs were met. PSR ¶ 57-58. As an adult, Morton has maintained stable employment, largely as a federal employee or contractor. PSR ¶¶ 73-81. Nothing in this background suggests Morton committed this crime because of a lack of economic opportunity. Nor does the PSR suggest Morton defrauded the PPP because of some acute financial strain. In fact, at the time of the offense, Morton earned at least $123,000 per year from the Architect of the Capital in addition to the money she made from Luxe Bodi and Mortell Industries. PSR ¶ 76, 78-79. With these resources at her disposal, Morton did not need to defraud the PPP. She did so anyway, cutting in favor of a substantial punishment.

3. *The recommended sentence is necessary to adequately deter fraudulent conduct.*

The recommended sentence would deter the public generally from criminal conduct. General deterrence is critical in cases involving government program fraud. Because program

fraud is so widespread, the government often lacks the ability to catch and prosecute all the fraud affecting any particular government program. This applies with special force to the COVID-era loan programs which suffered from rampant abuse. For example, the Pandemic Response Accountability Committee used one measure to identify $5.4 billion in potentially fraudulent pandemic loans.[2] While the government will never recover much of the fraudulently obtained money, a substantial penalty here will disincentivize those would otherwise defraud government relief programs in the future.

## CONCLUSION

For the reasons stated above, the United States respectfully recommends the Court: (1) sentence Morton to no more than the low end of the anticipated Guidelines range; (2) impose a five-year term of supervised release; (3) order restitution in the amount of $238,120; and (4) enter the consent order of forfeiture. Such a sentence would be sufficient but not greater than necessary to accomplish Section 3553(a)'s sentencing objectives.

Respectfully submitted,

Erik S. Siebert
United States Attorney

Date: July 1, 2025          By: _____
Christopher J. Hood
Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314

---

[2] *FRAUD ALERT: PRAC Identifies $5.4 Billion in Potentially Fraudulent Pandemic Loans Obtained Using Over 69,000 Questionable Social Security Numbers*, PANDEMIC OVERSIGHT, https://www.pandemicoversight.gov/media/file/prac-fraud-alert-potential-ssn-fraud1pdf#:~:text=This%20Fraud%20Alert%20from%20the,Paycheck%20Protection%20Program%20(PPP) (last visited July 1, 2025).

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 1, 2025, I caused a copy of the foregoing memorandum to be filed with the Clerk of Court using the CM/ECF system, which will automatically generate a Notice of Electronic Filing to all counsel of record.

Christopher J. Hood
Assistant United States Attorney